## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 01 2019, 7:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lavonte Wilderness
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lavonte Wilderness,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Respondent.*

March 1, 2019

Court of Appeals Case No.
18A-PC-871

Appeal from the
Allen Superior Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause Nos.
02D06-1503-F3-23, 02D06-1706-PC-65

**Altice, Judge.**

# Case Summary

Lavonte A. Wilderness was convicted following a jury trial of Level 1 felony rape, Level 5 felony criminal confinement, Level 6 felony strangulation. This court upheld his convictions on direct appeal. Wilderness thereafter filed a pro se petition for post-conviction relief, which the post-conviction court denied. Wilderness now appeals, still pro se, and raises two issues:

> I. Whether the post-conviction court erred when it denied his petition without first holding an evidentiary hearing; and

> II. Whether the post-conviction court's decision that Wilderness was not denied the effective assistance of trial counsel was clearly erroneous.

We affirm.

# Facts & Procedural History

The facts as found on direct appeal are, in part:

> On the evening of August 11, 2014, L.S. was making the return trip to her home in Decatur, Indiana after visiting her family in Chicago for the weekend. She took a bus from Chicago to Fort Wayne, where she had left her car parked near the bus station. While making the three-block walk to her car after getting off the bus, L.S. crossed paths with Wilderness. As soon as she walked past him, Wilderness turned around and pointed a gun at L.S.'s back and told her to keep walking. When they reached L.S.'s car, Wilderness took her keys and cell phone. He unlocked the car, threw her luggage in the trunk, and got in the passenger side. While pointing the gun at her, he told L.S. to get into the car and drive. L.S. told him that she did not have enough gas in the car,

so they stopped at a gas station. Wilderness threatened to shoot L.S. in the gas station if she did not behave normally.

After L.S. put gas in the car, Wilderness directed her to drive to a dead-end street. Wilderness then yanked the gearshift into park and began choking L.S. He then got out of the car and walked around to the driver's side, where he resumed choking L.S. When L.S. tried to fight back, Wilderness punched her in the eye. Wilderness then dragged L.S. out of the car and raped her vaginally and anally. Afterward, Wilderness got up and walked away. L.S. vomited on the ground, then got into her car and drove home.

While en route to Decatur, L.S. called Theresa Bodle, who went to L.S.'s house and found her lying on the floor, crying and shaking in a fetal position. Bodle called the police and took L.S. to a medical center where she underwent a sexual assault examination. DNA samples collected during the exam were consistent with the DNA profile of Wilderness.

*Wilderness v. State*, No. 02A03-1510-CR-1725, slip op. at *1 (Ind. Ct. App. April 26, 2016), *trans. denied*.

[4] On March 23, 2015, the State charged Wilderness with Count I, Level 3 felony rape; Count II, Level 5 felony criminal confinement; and Count III, Level 6 felony strangulation. Thereafter, the State filed an amended information, which elevated Count I from a Level 3 felony to a Level 1 felony by adding the allegation that Wilderness committed the crime while armed with a deadly weapon. Wilderness was represented in the proceedings by attorney Anthony S. Churchward. Following the August 2015 jury trial, Wilderness was found

guilty as charged. The trial court sentenced Wilderness to an aggregate sentence of forty-eight and one-half years.

Wilderness appealed, still represented by Churchward, raising two issues: (1) the trial court improperly instructed the jury and (2) his sentence was inappropriate. With regard to the claim of instructional error, Wilderness argued that the trial court erred by giving Instruction No. 8, which read:

> It is not required that the deadly weapon be held on the victim at all times. The initial showing of deadly force and the victim's awareness of the defendant's continued constructive possession of the weapon may be sufficient to satisfy the "armed with a deadly weapon" element.

*Direct Appeal Appellant's Appendix* at 63. Among other things, Wilderness asserted that Instruction No. 8 was improper because it presumed that he possessed a gun, when that is a fact that the State was required to prove. The *Wilderness* court rejected his argument, finding that it "overlooks the other instructions given to the jury," noting that "[b]oth the preliminary and final instructions informed the jury that the State was required to prove the elements of the offenses, including the 'using or threatening the use of deadly force or . . . while armed with a deadly weapon' element of the rape charge, beyond a reasonable doubt." *Wilderness*, slip op at *3. The court was also unpersuaded that Wilderness's sentence was inappropriate, and it affirmed his convictions.

[6]     On June 26, 2017, Wilderness filed his pro se petition for post-conviction relief.[1] The petition, as later amended, alleged a number of errors, which, as best we can discern, can be summarized as follows: (1) it was error to give Instruction No. 8; (2) Wilderness received ineffective assistance of trial and appellate counsel based upon various alleged failures in performance; (3) certain evidence should not have been admitted; and (4) the State failed to prove "that [he] broke the law in any way shape or form." *Appellant's Appendix Vol. 2* at 46. About a month later, the post-conviction court granted the State's request that Wilderness submit his case by affidavit pursuant to Post-Conviction Rule 1(9)(b), allowing a post-conviction court to "order the cause submitted upon affidavit" when a petitioner "elects to proceed pro se[.]" Wilderness filed an affidavit stating that he affirmed that the matters he had set forth in his petition for post-conviction relief were true to the best of his knowledge and that all of his evidence was in the trial records. On March 18, 2018, the post-conviction court issued Findings of Fact and Conclusions of Law denying Wilderness's petition. Wilderness now appeals. Additional information will be provided below as needed.

---

[1] According to the post-conviction court, Wilderness "declined to accept representation by the Public Defender of Indiana." *Appellant's Appendix Vol. 2* at 93. We note that when citing to Appellant's Appendix, we will cite to the electronic page number, not to Wilderness's handwritten pagination of his Appendix.

## Discussion & Decision

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* "In other words, the defendant must convince this court that there is no way within the law that the court below could have reached the decision it did." *Smith v. State*, 822 N.E.2d 193, 198 (Ind. Ct. App. 2005), *trans. denied.* We disturb that court's factual findings only where clearly erroneous, leaving us with a definite and firm conviction that a mistake has been made. *Hanks v. State*, 71 N.E.3d 1178, 1183 (Ind. Ct. App. 2017), *trans. denied.* We review legal conclusions de novo. *Id.* Pro se litigants without legal training are held to the same standard as trained counsel. *Pannell v. State*, 36 N.E.3d 477, 485 (Ind. Ct. App. 2015), *trans. denied.*

On appeal, Wilderness presents two issues for our consideration, namely that the post-conviction court erred (1) by failing to hold an evidentiary hearing before denying his petition and (2) in determining that his trial counsel was not ineffective.[2] We address each in turn.

---

[2] We note that Wilderness appears to raise additional issues in the Argument section of his brief. Specifically, he contends that (1) it was error for the trial court to give Instruction No. 8 because it invaded

## 1. Evidentiary Hearing

Wilderness asserts that the post-conviction court erred when it failed to hold an evidentiary hearing on his petition. Initially, we observe that, other than making that general allegation, Wilderness has provided no argument, reasoning, or factual or legal support. Accordingly, his claim is waived pursuant to Ind. Appellate Rule 46(A)(8). *See Jervis v. State*, 28 N.E.3d 361, 368 (Ind. Ct. App. 2015) (defendant's post-conviction argument waived for failure to present a cogent argument).

Waiver notwithstanding, we find no error. In this case, the post-conviction court granted the State's request that the matter proceed by affidavit pursuant to P-C.R. 1(9)(b), which states in relevant part:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing. If the pro se petitioner requests

---

the province of the jury to determine if he possessed a gun (arguing that "[t]his Instruction also [alleviates] the prosecution from proving all the elements of a Level 1 Rape charge"), and (2) the State failed to present sufficient evidence to convict him (arguing that "[t]hey could not prove I had a gun or that I committed the said offenses" and "[t]he prosecutor did not prove all the elements of a level 1 Rape charge"). *Appellant's Brief* at 9-11. As to his claim of instructional error, Wilderness does not provide the language of the challenged instruction, as required by Ind. Appellate Rule 46(A)(8)(e), which states that when an error is predicated upon the giving or refusing of an instruction, "the instruction shall be set out verbatim in the argument section[.]" Regardless, on direct appeal this court already addressed and decided this challenge to Instruction No. 8. As the post-conviction court correctly found, the matter is res judicata and "Petitioner cannot raise the same complaint about the same instruction again in this post-conviction proceeding." *Appellant's Appendix Vol. 2* at 97; *see Lee v. State*, 91 N.E.3d 978, 991 (Ind. Ct. App. 2017) ("If an issue was raised on direct appeal, but decided adversely to the petitioner, it is *res judicata*."), *trans. denied*. As to Wilderness's general claim of insufficient evidence, it was available but not raised on direct appeal, and therefore, is waived. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*.

issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

This court has interpreted the language of this rule "to mean that if the PCR court orders the cause submitted by affidavit under Rule 1(9)(b), it is the court's prerogative to determine whether an evidentiary hearing is required[.]"[3] *Smith*, 822 N.E.2d at 201. Indeed, "the decision whether to hold an evidentiary hearing . . . , like the decision to proceed by affidavit, is best left to the [post-conviction] court's discretion" such that "we will review the post-conviction court's decision to forego an evidentiary hearing when affidavits have been submitted under Rule 1(9)(b) under an abuse of discretion standard." *Id*.

[11] Here, Wilderness has not established, or even alleged, that the post-conviction court abused its discretion when it decided to forego an evidentiary hearing. The record reflects that after Wilderness filed his petition for post-conviction relief, the State filed a Motion to Require Petitioner to Submit Case by Affidavit, pursuant to P-C.R. 1(9)(b). Wilderness did not oppose the State's request, and the post-conviction court granted the motion. As P-C.R. 1(9)(b)

---

[3] The *Smith* court observed and discussed P-C. R. 1(4)(f) and (g), which concern summary disposition, but found that P-C.R. 1(9)(b) provided "a third and distinct way for a PCR court to rule on a petition without an evidentiary hearing." *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*.

permits, Wilderness filed with the post-conviction court Requests for Issuance of Subpoenas, asking the post-conviction court "to issue subpoenas to witnesses at an evidentiary hearing" to Churchward, the prosecutor, and the nurse examiner. *Appellant's Appendix Vol. 2* at 53, 57, 64, 69, 73. The post-conviction court denied the requests but indicated that it would reconsider them "[i]f the pleadings demonstrate the need for a hearing." *Id.* at 77. About four months later, the post-conviction court issued its Findings of Fact and Conclusions of Law, thereby reflecting its decision that no hearing was warranted.

[12] On appeal, Wilderness has not shown how an evidentiary hearing would have aided him nor shown that the post-conviction court abused its discretion. We find no error with the post-conviction court's decision to forego an evidentiary hearing on Wilderness's petition.

## *2. Ineffective Assistance of Counsel*

[13] Wilderness also contends that he was denied the effective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a

probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id*.

[14] Wilderness argues that his trial counsel, Churchward, was ineffective because he "failed to produce ANY EVIDENCE AT ALL AT TRIAL." *Appellant's Brief* at 10 (emphasis in original). We reject his claim. Churchward actively participated at trial, posed objections, and cross-examined witnesses. Contrary to Wilderness's claim that Churchward presented "no defen[s]e at all," he pursued a line of defense based on the theory that the State could not prove that the sexual encounter was nonconsensual, focusing on inconsistencies in L.S.'s accounts of the incident that made her claim less believable. *Appellant's Brief* at 12. "Counsel is given 'significant deference in choosing a strategy which, at the time and under the circumstances, he or she deems best.'" *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011) (quoting *Potter v. State*, 684 N.E.2d 1127, 1133 (Ind. 1997)). "'[T]rial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness.'" *Id*. (quoting *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998)).

[15] Churchward chose not to pursue a defense that Wilderness did not have sexual relations with L.S., and given the State's evidence, we cannot say that such a decision was unreasonable or deficient. That is, in addition to the DNA evidence which showed that the DNA profiles taken from a vaginal wash of

L.S. were consistent with Wilderness, the State presented the testimony of L.S., who testified in detail about what occurred on her way to her car from the bus station. Police found L.S.'s vomit on the ground where L.S. said the attack occurred. A bruise under her left eye was visible at the follow-up examination three days after the attack, which was consistent with L.S.'s testimony that Wilderness punched her in the eye. There was gravel on the ground in the area, and gravel fell out of her clothing as she prepared for the medical examination with a sexual assault examiner. The probable cause affidavit reflected that Wilderness admitted to police that he had sexual intercourse with L.S. in and next to the vehicle on the date and time in question, although he suggested that it was consensual.

[16] To the extent that Wilderness's claim is that Churchward did not call witnesses to testify in his defense, it is well-settled that "'a decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess.'" *McCullough v. State*, 973 N.E.2d 62, 83 (Ind. Ct. App. 2012) (quoting *Johnson v. State*, 832 N.E.2d 985, 1003 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied*. Furthermore, in addressing Wilderness's post-conviction claim that Churchward should have called him to testify in his defense, the post-conviction court found and concluded:

> In order to arrive at a reasonable doubt as to whether L.S. consented to engage in sexual activity with Petitioner, the jury would have had to find not only that L.S. might have been lying about the gun, the abduction, and the events at the place with a lot of rocks on the ground, but that she might have been putting on a highly convincing act in order to make it appear that she

had been raped, complete with vomiting on the ground, crying
and shaking, mud all over her, rocks falling out of her clothing,
and a possibly self-administered black eye. No evidence, either
in Petitioner's account or elsewhere, has any tendency to suggest
a motive for L.S. to lie and put on an act in this manner.
Furthermore, in order to find that a reasonable doubt arose from
Petitioner's account, the jury would have had to accept that L.S.
might have been so sick to her stomach as to vomit on the
ground, and yet not too sick to wish to engage in sexual activity
with a total Stranger amid, mud and rocks. A far more rational
conclusion— indeed, it would appear, the *only* rational
conclusion—would have been that the sexual activity was not
only "mostly" Petitioner's idea as he admitted, but was entirely
his idea, and that L.S. did not consent.

*Appellant's Appendix Vol. 2* at 101. Therefore, the post-conviction court
concluded that "there is no reasonable probability that the outcome of
Petitioner's trial would have been different if Attorney Churchward had called
Petitioner to testify[,]" and "Attorney Churchward therefore cannot be found
ineffective for failing to do so." *Id*. We agree. Wilderness has failed to
establish that Churchward was deficient in his selection and presentation of a
defense, and the post-conviction court's decision was not clearly erroneous.

[17] Wilderness also argues that Churchward was ineffective for failing to object to
the victim's testimony about a deadly weapon and failed to address alleged
prior inconsistent statements regarding the presence of a gun to show that "she
lied about a deadly weapon and her [w]hole story is uncorroborated and
baseless." *Appellant's Brief* at 13. With regard to objections that allegedly should
have been made, Wilderness fails to specify exactly to what testimony that

Churchward should have objected. Furthermore, "[w]hen an ineffective assistance of counsel claim is based on trial counsel's failure to make an objection, the appellant must show that a proper objection would have been sustained by the trial court." *Lambert v. State*, 743 N.E.2d 719, 732 (Ind. 2001). Wilderness has not done so, and thus his claim fails.

[18] With regard to Wilderness's claim that Churchward failed to address prior inconsistent statements, the post-conviction court made findings of fact to the contrary. Specifically, it determined that Churchward questioned the detectives about L.S.'s prior inconsistent statements regarding a gun, and, therefore, "[Wilderness] is incorrect in asserting that Attorney Churchward failed to present the prior inconsistent statements to the jury." *Appellant's Appendix Vol. 2* at 100. The court concluded, "[T]he jury heard those statements along with L.S.'s own testimony and resolved the inconsistencies in favor of finding that Petitioner was in fact armed with a gun." *Id.* Wilderness has failed to show that the post-conviction court's decision was clearly erroneous.

[19] Wilderness also claims that Churchward should have objected "to the prosecutor's language of a deadly weapon." *Appellant's Brief* at 12. On this issue, the post-conviction court found that "Petitioner is correct in asserting that Attorney Churchward did not object to the prosecutor's word about the gun, but an objection would not have been sustained because there was evidence that Petitioner did have a gun; the prior inconsistent statements went only to the weight, not the admissibility, of that evidence" and determined that "Attorney Churchward therefore cannot be found ineffective for failing to object."

*Appellant's Appendix Vol. 2* at 100.  Wilderness has shown neither deficient performance nor prejudice as a result of Churchward not objecting to statements made by the prosecutor about a gun.

[20]    Lastly, Wilderness briefly suggests that Churchward was ineffective as appellate counsel as well, arguing that Churchward "slandered [him]" by indicating that Wilderness raped and strangled L.S., included incorrect information in the brief, and "submitted an incomplete Brief." *Appellant's Brief* at 14.  Wilderness provides no specific factual or legal support beyond general allegations, and consequently his argument is waived.  App. R. 46(A)(8).  Waiver notwithstanding, the standard of review for assessing ineffective assistance of counsel is the same as for trial counsel in that the defendant must show appellate counsel was deficient in his or her performance and that the deficiency resulted in prejudice.  *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008).  We find that Wilderness has shown neither.

[21]    When raised on collateral review ineffective assistance of appellate counsel claims generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well.  *Id*.  Here, on appeal, Churchward presented claims of instructional and sentencing error.  To the extent that Wilderness believes that Churchward should have raised other claims on direct appeal, he fails to identify them.  He also fails to explain if or how Churchward should have presented issues differently.  Wilderness's claim in this regard thus fails.

Judgment affirmed.

Najam, J. and Pyle, J., concur.